986 F.2d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Clydell RANDLE, Petitioner-Appellant,
v.
Steve HARGETT, Respondent-Appellee.
 No. 92-6194.
 United States Court of Appeals, Tenth Circuit.
 Dec. 29, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner Clydell Randle appeals the district court's denial of his petition for writ of habeas corpus, moves for leave to proceed in forma pauperis, and applies for a certificate of probable cause. 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253.
 
 
 2
 A jury in the District Court of Oklahoma County, Oklahoma, found Petitioner guilty of rape and sentenced him to 199 years imprisonment. At sentencing on June 30, 1978, Petitioner pleaded guilty to four other felony offenses and was sentenced to 35 years imprisonment for each guilty plea offense, with the 35-year sentences running concurrently with each other and with his rape sentence. Also at this sentencing hearing, Petitioner completed factual summary forms for all five offenses. The factual summary of Petitioner's rape conviction was on one form, and the factual summaries of his guilty plea offenses were on another form. The summary of facts form for the rape conviction clearly advised Petitioner of his right to appeal, and explained the procedures he must follow to perfect an appeal, including his right to court appointed counsel and his right to a transcript at state expense. On this form, Petitioner indicated that he understood the rights explained to him and that his answers to questions on the form were freely and voluntarily given. Petitioner stated in two places on the form that he did not wish to appeal his rape conviction, and additionally stated that he did not wish to have an attorney appointed for his appeal nor did he want a transcript provided at state expense. Pursuant to established procedure, Petitioner, as well as his attorney, the district attorney, and the trial judge, signed the factual summary form.
 
 
 3
 Petitioner did not appeal his rape conviction, but on May 18, 1989, eleven years after his sentence was imposed, he filed his first application for post-conviction relief in the Oklahoma trial court, alleging that he was denied his right to a direct appeal due to ineffective assistance of counsel.[1] The trial court denied the post-conviction application, finding that Petitioner had been advised of his right to appeal and had not shown sufficient reason for bypassing his direct appeal. Although the Oklahoma district court's order denying the application advised Petitioner of the procedures he must follow in order to appeal the denial of post-conviction relief to the Oklahoma Court of Criminal Appeals, Petitioner failed to appeal the denial of this first post-conviction application.
 
 
 4
 On February 20, 1991, Petitioner filed a second application for post-conviction relief in Oklahoma district court asserting ineffective assistance of counsel in that his failure to directly appeal his conviction in 1978 was the fault of his attorney, whom Petitioner had paid to file the appeal but who had failed to do so. The trial court denied this second post-conviction application, and the Oklahoma Court of Criminal Appeals affirmed the denial on appeal, applying a procedural bar to Petitioner's claims. The Court of Criminal Appeals found that Petitioner raised the same issue in his second application that he raised in his first application and that he knowingly waived his right to appeal the first application's denial.
 
 
 5
 Petitioner filed his first federal habeas petition on August 27, 1991, and the United States District Court for the Western District of Oklahoma adopted the magistrate's findings and conclusions, holding that "Petitioner's claims [were] barred because of the procedural default in state court." We affirm the district court's decision using substantially the same reasoning as used in the magistrate's report.
 
 
 6
 In Coleman v. Thompson, 111 S.Ct. 2546 (1991), the Supreme Court held that "in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 2565. In order to show "miscarriage of justice," a petitioner must show actual innocence. Sawyer v. Whitley, 112 S.Ct. 2514, 2519 (1992).
 
 
 7
 Petitioner has defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule. In Petitioner's first post-conviction application in Oklahoma district court, he raised a claim of ineffective assistance of counsel which the Oklahoma district court denied. However, Petitioner failed to appeal the denial. Because he failed to appeal the denial of his first post-conviction application, the Oklahoma Court of Criminal Appeals found that he was procedurally barred under Oklahoma law from raising the ineffective assistance of counsel claim in a subsequent post-conviction application. Okla.Stat.Ann., tit. 22, § 1086 (West 1986).
 
 
 8
 Petitioner's only attempt to show cause in federal district court for his failure to appeal the denial of his first post-conviction petition was his assertion that he was transferred to another correctional facility, and the law library supervisor failed to transfer Petitioner's legal documents and records to the new facility. We hold that this does not show cause for his failure to appeal the ineffective assistance of counsel claim, because it was not necessary that Petitioner possess all of his legal documents in order to file a Notice of Appeal. See McCoy v. Newsome, 953 F.2d 1252, 1260 (11th Cir.), cert. denied, 112 S.Ct. 2283 (1992) (petitioner did not allege sufficient cause when he claimed that he was denied opportunity to examine trial transcript because he failed to show that "there were not available to him alternative devices that would have fulfilled the same functions"). Therefore, Petitioner is barred from raising the ineffective assistance of counsel claim on federal habeas.
 
 
 9
 Petitioner's only other means of gaining federal habeas review is a claim of actual innocence. Sawyer, 112 S.Ct. at 2519. However, in his § 2254 petition to the federal district court, Petitioner did not claim actual innocence, but contested only the enhancement of his sentence.
 
 
 10
 In the absence of a "rational argument in law or fact," petitioner's request to proceed in forma pauperis is DENIED. See Neitzke v. Williams, 490 U.S. 319, 323 (1989); 28 U.S.C. § 1915(d). Petitioner has failed to make a substantial showing of the denial of a federal right, see Lozada v. Deeds, 111 S.Ct. 860, 861-62 (1991); thus, petitioner's request for a certificate of probable cause, 28 U.S.C. § 2253, is DENIED, and the appeal is DISMISSED.
 
 
 11
 SO ORDERED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After reviewing the record, it is unclear to us whether Petitioner's first state post-conviction application raised the issue of ineffective assistance of counsel. It is also unclear to us after reviewing the Oklahoma district court's denial of Petitioner's first post-conviction application whether the district court addressed the ineffective assistance of counsel issue in denying Petitioner relief. However, it is clear after reviewing both the Oklahoma district court's denial of Petitioner's second state application for post-conviction relief and the Oklahoma Court of Criminal Appeals' affirmance of that denial that both Oklahoma courts found that his first petition raised an ineffective assistance of counsel claim which the Oklahoma district court denied, thereby creating a procedural bar to a second petition raising the same ineffective assistance of counsel claim. Okla.Stat.Ann., tit. 22, § 1086 (West 1986). We defer to the Oklahoma Court of Criminal Appeals' interpretation